NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUIANA S. JAMES, | Civil Action No.: 11-3066 (JLL) |
| Plaintiff, | |
| v. | **OPINION** |
| UNION COUNTY et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Defendant Union County ("Defendant").[1]   The Court has considered the submissions made in support of and in opposition the present motion and decides the matter without oral argument. Fed. R. Civ. P. 78.  For the reasons set forth below, Defendant's motion is GRANTED.

## I.      BACKGROUND

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the discussion below.[2]

---

[1] The Court notes that Defendant submitted a letter brief in support of the motion for judgment on the pleadings which violates Local Rule 7.1.  However, there being no objection by Plaintiff, the Court will nonetheless consider Defendant's submission in this instance but directs that all future submissions comply with the local rules or risk denial of the relief sought.  See e.g., Holster v. McMaster-Carr Supply Co., Civ No. 04-1791, 2006 WL 2864643, at *12 n.9 (D.N.J. Oct. 4, 2006).

[2] Despite the apparent confusion on the part of Plaintiff's counsel regarding which party made the instant motion, counsel for the County of Union, Robert Varady, assures the Court that the present motion to

1

During the course of an investigation focused on Luqman Abdullah and others called Operation Red Zone, police obtained a warrant for the first floor of 352 Bergen Street, which they believed Abdullah was using as a "stash house." (Compl. ¶¶ 18-22). A resident, Michelle Miles, directed the police upstairs to the second floor. (Compl. ¶¶ 24-26). The police entered James' home with her consent and conducted a sweep of her home. (Compl. ¶¶ 31-33). James alleges that one of the detectives, Detective Maranca, falsified the official report relating to that incident. (Compl. ¶ 33). Police later returned with a search warrant and confiscated several of James' belongings including, for example, photographs of Abdullah, personal bills, and $5,000.00 in cash. (Compl. ¶¶ 37-42).

Thereafter, on April 25, 2008, James alleges that she "was driving with her son and two other children when she was surrounded by Police SUVs who trapped James' car at a tire shop in Newark, and refused to allowed [sic] her to leave." (Compl. ¶ 44). Next, Plaintiff alleges that certain detectives told her to leave the tire shop and return home or they would arrest her in front of her children. (Compl. ¶ 44). Later, police entered Plaintiff's home "through intimidation and coercion, then questioned James about her prior encounter that day with a 'Sean Paton,'" searched her home without consent and used intimidation tactics. (Compl. ¶¶ 46, 52). At one point, Detective Zsak stated "[t]his is what it's going to be like until we catch him . . . [] You're nothing but a drug dealers [sic] girlfriend . . . we won't be done with your ass until your [sic] on unemployment and we take your child away." (Compl. ¶ 54).

---

dismiss is on behalf of only the County of Union, and not on behalf of any other defendant. (Def.'s Reply, 1). Therefore, the Court will only address the arguments made in opposition to dismissing the County of Union and not those arguments which relate to any other defendants.

James was allegedly charged with violating N.J.S.A. §§ 2C:35-5A(1) (Distribution of CDS), 2C:29-1A (Obstruction of Justice), 2C:41-2C (Racketeering), 2C:29-3A (Hindering), and 2C:21-24A (Money Laundering), some of which relate back conduct alleged to have occurred in April, 2009. (Compl. ¶¶ 56-57). James states that "all charges were 'approved' by Union County Assistant Prosecutor Julie Peterman." (Compl. ¶ 59).

James was allegedly "falsely arrested and processed, and unlawfully imprisoned at the Elizabeth Municipal Jail, and in the Union County Corrections Facility for thirteen (13) days." (Compl. ¶ 12). On April 26, 2009, the Union County Police arrested James at her home and she remained in in an Elizabeth Police Department holding cell until April 27, 2009. (Compl. ¶ 62). Thereafter, she claims to have been transferred to the Union County Corrections facility, where she remained in custody for thirteen days, until May 8, 2009, when James posted a bond through a bail bondsman. (Compl. ¶¶ 65-66). On November 29, 2010, the criminal charges against James were allegedly dismissed. (Compl. ¶ 72).

In Plaintiff's Brief in Opposition to the instant matter, she states that her claims against Union County are as follows:

> (a) Defendants arrested an African American citizen instead of a Caucasian citizen; (b) Defendants harassed Plaintiff by trapping her at a tire shop; (c) Defendants entered and searched her home without a search or arrest warrant; (d) Defendants arrested Plaintiff without probable cause to do so; (e) Defendants interrogated Plaintiff without justification and in violation of her established Miranda Rights; (f) Defendants arrested [P]laintiff based upon malice because she would not "call" Luqman Abdullah; (g) Defendants continued to prosecute Plaintiff without justification; (i) Defendants incorrectly charged Plaintiff with criminal offenses on two dates for crimes note [sic] related to her; (j) Defendants illegal acts cause [sic] Plaintiff to suffer a high bail; (k) Defendants dismissed the complaint against her.

3

However, the Court notes that the Complaint does not name the Union County Prosecutor's Office as a defendant, nor does Plaintiff specify to which defendants she is referring for each claim.

## II.    LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial – a party may move for judgment on the pleadings." Where, as here, the movant alleges that the complaint fails to state a claim upon which relief can be granted, the court applies the same standards as under Rule 12(b)(6). See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). In determining whether a complaint is sufficient, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, a court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S.Ct. at 1949.

## III.    DISCUSSION

Eleventh Amendment immunity applies to state entities and officials where "the state is the real, substantial party in interest." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S.Ct.900 (1997) (internal quotations omitted). County prosecutorial

offices conduct two different sets of functions: "(1) the administrative functions of operating their offices, and (2) the classic law enforcement and investigative functions for which they are chiefly responsible." Beightler v. Office of Essex County Prosecutor, 342 Fed.App'x. 829, 832 (3d. Cir. 2009) (quoting Coleman v. Kaye, 87 F.3d 1491 (3d Cir. 1996)). A county prosecutor "in effect acts on behalf of the county that is the situs of his or her office" in connection with administrative tasks unrelated to prosecutorial functions. Coleman, 87 F.3d at 1499. However, "[w]hen New Jersey county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state." Beightler, 342 Fed.App'x at 832. Thus, under such circumstances, Eleventh Amendment immunity applies as a matter of law and bars a damage action under section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Coleman, 87 F.3d at 1499, 1505.

Here, Plaintiff does not allege any facts related to the performance of administrative tasks or functions on behalf of any defendants, let alone employees of the Union County Prosecutor's Office. Rather, the gravamen of Plaintiff's Complaint is a series of alleged deprivations in connection with investigative and classic law enforcement activities, ie. conducting searches, performing arrests, and detaining suspects. Thus, James does not articulate any basis for liability on the part of Defendant.[3]

---

[3] As discussed supra note 2, Plaintiff conflates the issues with regard to dismissal of Defendant Union County and individual defendants. "James' complaint brings suit and specifically alleges claims against the individually named defendants in their 'official and individual' capacities, as well as identifies officers as Union County Employees . . . [w]here a defendant is sued in his individual capacity, the suit is not barred by the [E]leventh [A]mendment . . . As such, dismissal of the entire complaint relating to Union County is not proper." (Pl.'s Opp'n., 9).

Further, Plaintiff brings certain claims under Section 1983 of Title 42 of the United States Code,[4] which authorizes plaintiffs to seek redress for the violation of rights granted by the Constitution or laws of the United States committed or caused by a person acting under color of state law.[5]  However, the Union County Prosecutor's Office is not a "person" within the meaning of Section 1983.  Palmerini v. Burgos, Civ No. 10-210, 2011 WL 3625104 at * 8 (D.N.J. August 15, 2011) ("[C]ourts within the Third Circuit have consistently and uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of new Jersey"); Nugent v. County of Hunterdon, No. 09-2710, 2010 WL 1949359 (D.N.J. May 14, 2010); Watkins v. Attorney General of New Jersey, Civ No. 06-1391, 2006 WL 2864631 at * 3 (D.N.J. October 4, 2006) ("[A county prosecutor's office] is not subject to suit under § 1983 because the Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves").

Finally, while the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend a complaint should not be permitted where it would be

---

[4] Plaintiff's Complaint asserts eleven causes of action in total.  In addition to claims made under 42 U.S.C. § 1983, James brings suit pursuant to the following: 42 U.S.C. § 1981, New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et. seq., and New Jersey Law Against Discrimination, N.J.S.A 10:5-1, et. seq.  Although Plaintiff's Complaint does not specify to which defendants she is referring, as discussed above, Plaintiff does not allege any facts sufficient to state a plausible right to relief against the Union County Prosecutor's Office on any of the above grounds because an analysis of Plaintiff's Complaint reveals that it is devoid of any factual assertions as to the Union County Prosecutor's Office other than that a prosecutor allegedly approved charges that were later dismissed.

[5] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

6

futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  "Futility

means that the complaint, as amended, would fail to state a claim upon which relief could

be granted."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington

Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)) (internal quotations

omitted).  Here, as discussed above, an analysis of the Complaint reveals that it is devoid

of any factual allegations relating to the performance of administrative tasks or duties by

Union County Prosecutor's Office employees.  Thus, as James fails to set forth grounds

for liability, her claims against the Union County Prosecutor's Office will be dismissed

with prejudice.


## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion for

judgment on the pleadings and dismisses claims against Defendant Union County

Prosecutor's Office with prejudice.

An appropriate Order accompanies this Opinion.


DATED:   1/17/12

_____
Jose L. Linares,
United States District Judge